**Carl Anders ECKSTROM,**
**Petitioner–Appellant,**

v.

**Sidney HERNDON, et al.,**
**Respondents–Appellees.**

No. 00–56737.
D.C. No. CV–89–01393–TJH.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 4, 2002.

Before GOODWIN, TROTT and GRABER, Circuit Judges.

MEMORANDUM **

Carl Anders Eckstrom, a California state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 petition challenging his first degree murder convictions in Los Angeles County. We have jurisdiction under 28 U.S.C. § 2253. Reviewing de novo, *see Mayfield v. Woodford,* 270 F.3d 915, 922 (9th Cir.2001) (en banc) (stating that ineffective assistance of counsel claims raised in habeas petitions filed prior to the enactment of the Antiterrorism and Effective Death Penalty Act are reviewed de novo), we affirm.

Eckstrom's counsel offered a sufficiency of the evidence defense pursuant *People v. Anderson,* 70 Cal.2d 15, 73 Cal.Rptr. 550,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

447 P.2d 942 (Cal.1968) (in banc), and an insanity defense in a bifurcated court trial. Eckstrom contends that his counsel should have presented a diminished capacity defense, in addition to the *Anderson* defense, during the guilt phase of his trial. Eckstrom has not shown, however, that his counsel's failure to do so was the result of incompetence or inadequate preparation. *See Murtishaw v. Woodford,* 255 F.3d 926, 939 (9th Cir.2001) (stating that petitioner "bears the heavy burden of proving that counsel's assistance was neither reasonable nor the result of sound trial strategy"). Moreover, Eckstrom does not assert, nor does the record show that his counsel failed to consider or to investigate adequately a diminished capacity defense. We, therefore, conclude that the district court properly determined that counsel's decision not to present a diminished capacity defense was a reasonable strategic choice rather than the result of deficient performance, and affirm the district court's denial of Eckstrom's habeas petition. *See Strickland v. Washington,* 466 U.S. 668, 689–690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (stating that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance [and] strategic choices made after thorough investigation ... are virtually unchallengeable ...").

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.